UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00087-FDW

| RICHARD T. MAYS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Robert T. Mays's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who went to trial on February 25, 2008, in Mecklenburg County Superior Court, on two counts of statutory rape of a fifteen year old, one count of statutory rape of a fourteen year old, three counts of statutory sexual offense with a fourteen year old, two counts of statutory sexual offense with a fifteen year old, six counts of taking indecent liberties with a minor and two counts of soliciting a child by computer for an unlawful sex act. See May 9, 2019 MAR Order (Doc. No. 1-1 at 3). On February 29, 2008, during the trial, Petitioner entered a guilty plea to one count of statutory rape of a fifteen year old and one count of statutory rape of a fourteen year old. See id. The State dismissed the

---

[1] Rule 2(a) of the Rules Governing Section 2245 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the prisoner. Rule 2(a), 28 U.S.C. folio § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety ("DPS") is the custodian of all state inmates, and he has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, current DPS Secretary, is the proper Respondent in this action.

1

remaining counts. The trial court sentenced Petitioner to consecutive active sentences of 240-297 months each. See id. Petitioner did not file a direct appeal. See id.

On September 28, 2009, retained counsel filed a motion for appropriate relief ("MAR") in the trial court on Petitioner's behalf. See id. On or about May 28, 2010, the trial court held an evidentiary hearing on the MAR; Petitioner was represented by counsel. See id. The trial court denied the MAR on May 28, 2010. See MAR Hr'g Tr. at 134, State v. Mays, P18-45 (N.C. Ct. App. 2019), Doc. No. 2 (July 1, 2019 PWC), at 179.[2] Petitioner did not file a petition for writ of certiorari ("PWC") in the North Carolina Court of Appeals ("NCCOA") to seek review of the trial court's denial of his MAR.

On January 23, 2018, Petitioner filed a PWC in the NCCOA, which was dismissed on January 25, 2018. See Docket Sheet at 1, id. Petitioner filed a pro se MAR in the trial court on April 23, 2019, which was denied as procedurally barred and without merit. See Order Deny. MAR (Doc. No. 1-1 at 4). He filed a PWC in the NCCOA on July 1, 2019; it was denied on July 5, 2019. See July 5, 2019 NCCOA Order (Doc. No. 1-1 at 2). Next, on August 20, 2019, Petitioner filed a petition for discretionary review in the North Carolina Supreme Court ("NCSC"), which was dismissed on October 30, 2019. See NCSC Order (Doc. No. 1-1 at 1).

Petitioner filed the instant § 2254 petition on January 31, 2020. See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises numerous claims of ineffective assistance of trial counsel and ineffective assistance of state post-conviction counsel.

**II.      STANDARD OF REVIEW**

---

[2] The MAR hearing transcript is part of the record attached to Petitioner's July 1, 2019 petition for rit of certiorari ("PWC") in the North Carolina Court of Appeals. See July 1, 2019 PWC, State v. Mays, P18-45 (N.C. Ct. App. 2019), Doc. No. 2, available at N.C. Judicial Branch, Court of Appeals, https://www.nccourts.gov/courts/court-of-appeals, (search Case Number P18-45, last reviewed Feb. 12, 2020).

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the state criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[3] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on February 29, 2008, when Petitioner was sentenced. To the extent he retained the right to a direct appeal after entering his guilty plea, Petitioner had 14 days to file a notice of appeal. See N.C. R. App. P. 4(a)(2). Because he did not file a notice of direct appeal, Petitioner's conviction became final on or about March 14, 2008, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about

---

[3] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, the facts alleged in the instant Petition do not support application of one or more of those alternate dates.

3

March 14, 2009, six months before post-conviction counsel filed Petitioner's first MAR and almost eleven years before Petitioner filed the instant § 2254 Petition. None of Petitioner's filings in the state courts after March 14, 2009, served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Accordingly, the Petition must be dismissed unless Petitioner can demonstrate he is entitled to equitable tolling.

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts that his trial attorney failed to file a notice of direct appeal despite being instructed to do so; that his post-conviction attorney rendered ineffective assistance during the MAR evidentiary hearing, and that he has been attempting, unsuccessfully, since 2010-2011 to obtain audio CDs the State turned over to trial counsel as part of discovery. Petitioner contends those audio CDs prove trial counsel provided him ineffective assistance.

None of these assertions, however, demonstrate that Petitioner diligently pursued his state post-conviction rights prior to March 14, 2009, when the federal statute of limitations expired. Moreover, Petitioner has not cited any circumstance, extraordinary or otherwise, that stood in his

4

way and prevented him from filing a § 2254 petition before the federal statute of limitations expired. Petitioner, then, is not entitled to equitable tolling of the statute of limitations.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely, see 28 U.S.C. § 2244(d)(1)(A);

2) The Clerk of Court is directed to amend the docket to reflect that Erik A. Hooks is the proper Respondent in this action; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 13, 2020

_____
Frank D. Whitney
Chief United States District Judge